J-S22026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROGELIO ZALDIVAR PENA | : | |
| | : | |
| Appellant | : | No. 1724 MDA 2019 |

Appeal from the Order Entered September 25, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000942-2010

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                                    **FILED MAY 29, 2020**

Rogelio Zaldivar Pena (Appellant) appeals *pro se* from the order denying his *pro se* "Motion for Corrected Time Credit."  We affirm.

This case has a lengthy and convoluted history.  For purposes of this appeal, we recount that on January 6, 2011, a jury found Appellant guilty of third-degree murder, 18 Pa.C.S.A. § 2501, and aggravated assault, 18 Pa.C.S.A. § 2702(a)(1).  On February 28, 2011, the trial court sentenced Appellant to an aggregate term of 20 to 40 years of incarceration.

On March 28, 2014, this Court affirmed Appellant's judgment of sentence.  **See Commonwealth v. Pena**, 1499 MDA 2013 (Pa. Super. Mar. 28, 2014 (unpublished memorandum).  On October 15, 2014, our Supreme Court denied Appellant's petition for allowance of appeal.  **See**

_____

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Pena*, 110 A.3d 997, 241 MAL 2014 (Pa. 2014). Appellant did not file a petition for *certiorari* with the United States Supreme Court. Over the ensuing years, Appellant filed two unsuccessful petitions pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

On September 18, 2019, Appellant filed the underlying *pro se* "Motion for Corrected Time Credit" (Motion), in which he asserted that he did not receive credit for 288 days of time served prior to sentencing. Motion, 9/18/19, ¶ 5. On September 25, 2019, the court entered an order denying relief on the basis that it lacked jurisdiction to consider the merits of the Motion because it was an untimely PCRA petition. **See** Trial Court Order, 9/25/19; **see also** Trial Court Opinion, 11/26/19, at 4-6. Appellant filed a timely *pro se* appeal to this Court.

On appeal, Appellant presents the following issue for review:

> IS [APPELLANT] ENTITLED TO TIME CREDIT, AND DID THE SENTENCING COURT ERR IN FINDING THAT IT DID NOT HAVE JURISDICTION TO GRANT THE SAME?

Appellant's Brief at 5.

Prior to addressing Appellant's issue, we must determine whether we have jurisdiction. Appellant identified his filing as a "Motion for Corrected Time Credit" and the court construed the Motion as serial PCRA petition. Our Supreme Court has held that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, **to the extent a remedy is available under such enactment**." **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007)

- 2 -

(emphasis in original). "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) (quotations and citations omitted). Consequently, the trial court was correct in construing Appellant's Motion as a serial PCRA petition. We therefore consider the petition's timeliness.[1]

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[1] "[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (quotations and citation omitted).

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

In this case, the trial court sentenced Appellant on February 28, 2011. This Court affirmed his judgment of sentence on March 28, 2014, and our Supreme Court denied his petition for allowance of appeal on October 15, 2014. Because Appellant did not file a petition for *certiorari* with the United States Supreme Court, his judgment of sentence became final on January 13, 2015, 90 days after our Supreme Court denied his petition for allowance of appeal. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); **see also** U.S.Sup.Ct.R. 13. As explained above, Appellant had one year – until January 13, 2016 – to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the underlying petition on September 18, 2019, more than three-and-a-half years later. Accordingly, the petition is untimely, and we

lack jurisdiction to decide the merits unless Appellant has pled and proved one of the three timeliness exceptions of section 9545(b)(1). ***See Derrickson***, 923 A.2d at 468. Our review reveals that Appellant did not attempt to plead or prove any of the timeliness exceptions. ***See*** Motion, 9/18/19. As Appellant has failed to plead and prove an exception under section 9545(b)(1), we lack jurisdiction to address the merits of this appeal. ***See Derrickson***, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/29/2020